## Vito Gorgo v. The People, etc.

1. INSTRUCTIONS—*As to the Reasonable Doubt.*—It is not error to refuse an instruction as to a reasonable doubt, invoking its application with respect to particular facts in a case, instead of to the question of guilt upon the whole case, or some entire matter of defense or element of the crime.

2. CRIMINAL LAW — *Application of the Reasonable Doubt.*—In a criminal prosecution, the reasonable doubt the jury is permitted to entertain, must be as to the guilt of the accused upon the whole of the evidence.

**Indictment,** for an assault. Error to the Criminal Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed February 13, 1902.

**Statement by the Court.**—Vito Gorgo and one Mike Romano were jointly indicted for an assault upon one Frank Nigro, the first count charging an assault to have been with a knife, poker and knuckles, with intent to kill and murder; the second count charging an assault with a knife, poker and knuckles, with intent to inflict bodily injury, etc.; and the third count charging an assault with a certain blunt instrument, with intent to commit a bodily injury, etc.

A trial before the court and jury resulted at the close of the evidence in a direction by the court, at the instance of the State, to find Romano not guilty, and after instructions to the jury and arguments of counsel, in a verdict finding Gorgo guilty of an assault with a deadly weapon, with intent to commit a bodily injury, upon which verdict, after a motion for a new trial and in arrest of judgment had been overruled, the court sentenced Gorgo to imprisonment in the county jail for one year. It is sought by this writ of error to reverse said verdict and judgment.

Among other instructions the court gave, at the request of the state's attorney, the following:

"14. The court instructs the jury, as a matter of law, that in this State the accused is permitted to testify in his own behalf; that when he does so testify he at once be-

comes the same as any other witness, and his credibility is to be tested by and subjected to the same tests as are legally applied to any other witness; and in determining the degree of credibility that shall be accorded to his testimony the jury have a right to take into consideration the fact that he is interested in the result of this prosecution, as well as his demeanor and conduct on the witness stand; and the jury may also take into consideration the fact, if such is a fact, that he or they have been contradicted by other credible witnesses."

At the request of the defendant the court, among others, gave the following instruction:

"8. A reasonable doubt is that state of mind which, after a full consideration and comparison of all the evidence, both for the State and the defense, leaves the minds of the jury in that condition that they can not say that they feel an abiding faith, amounting to a moral certainty, from the evidence in the case, that the defendant, Vito Gorgo, is guilty of the charges as laid in the indictment. If you have such a doubt, if your conviction of the defendant's guilt, as laid in the indictment, does not amount to a moral certainty from the evidence in this case, then the court instructs you that you must acquit the defendant, Vito Gorgo."

But, among other instructions asked by the defendant, the court refused to give the following:

"10. The court instructs the jury that they are the sole judges of the facts in this case, and of the credit to be given to the respective witnesses who have testified; and in passing upon the credibility of such witnesses they have a right to take into consideration their prejudices or motives or feelings of revenge, if any such have been proven or shown by the evidence in this case; and if the jury believe from the evidence that any witness or witnesses have knowingly or willfully testified falsely as to any material fact or point in this case, the jury are at liberty, unless corroborated by other credible evidence, to disregard the testimony of such witness or witnesses *in toto.*

"11. The jury are instructed that if there is any one single fact proved to the satisfaction of the jury, by a preponderance of evidence, which is inconsistent with the guilt of the defendant, Vito Gorgo, this is sufficient to raise a reasonable doubt, and the jury should acquit such defendant as to whom such fact has been proven."

At the close of the plaintiff's evidence and again at the

close of all the evidence, defendant's counsel moved the court to instruct a verdict of not guilty, for the reason that the evidence, as it was claimed, showed "two distinct crimes taking place at two different times and at two different places, between different men, charged in the same count in the same indictment, or that the State elect between the charges." Both of the motions were respectively overruled.

McEWEN & WEISSENBACH, attorneys for plaintiff in error.

CHARLES S. DENEEN, State's Attorney; FRANK CROWE, Assistant State's Attorney; ROBERT E. CROWE, of counsel.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

First, it is claimed that the court should have required the State to elect. We think not. Baker v. People, 105 Ill. 452–6, and Farris v. People, 129 Ill. 521–31.

If there was any error in this regard, we think it was obviated by the direction of the court, at the close of the evidence, to find Romano not guilty. The fact that evidence of a distinct crime by Romano remained before the jury, in which Gorgo was not implicated, in no way prejudiced the latter. The evidence as to the assault by Romano upon the prosecuting witness was proper, because it was closely connected in time and place with the alleged assault by Gorgo, and tended to show motive on the part of the defendant. His son, Joe Gorgo, had just been quarreling with Nigro, the prosecuting witness.

It is also said that the court erred in not permitting the State's witness, Bonnelli, to answer the following question on cross-examination, viz.:

"Q. Then didn't you say to me when I told you that we would do no such thing, when I spoke to Mr. Gorgo first, and we said that we would proceed with it, didn't you then say that you would take $200 and Frank Nigro would not prosecute the case?"

The witness had just answered that he told Joe Gorgo's younger brother, if he paid $300, Frank Nigro would not

prosecute. We think the interest of the witness had thus already been sufficiently shown, and that was all that is claimed by counsel was the purpose of the question.

There is a conflict in the evidence as to whether plaintiff in error committed the assault of which he was found guilty, with felonious intent or in self-defense. That he did cut the prosecuting witness with a knife, is clearly established, but the defendant says, "I saw him (the prosecuting witness) coming to give me a blow, and he took a revolver out of his pocket. He is a younger man; and all the other men in the place ran out and he took my head and nearly choked me. * * * He was on top of me and I soaked him with the knife. I struck him with the knife, because he wanted to shoot me." Frank Nigro, the prosecuting witness, does not deny that he had a revolver, nor that he took one out of his pocket. No other witness except Tyco testifies on the point. He said that he didn't see Nigro get hold of something before he was struck. Several of the witnesses testify, including Nigro himself, that the latter was on top of Gorgo at the time Nigro was cut with the knife. A number of witnesses testify that Vito Gorgo's general reputation as a peaceable and law-abiding citizen was good.

In view of this evidence we are of opinion that it was error to refuse the defendant's instruction No. 10, quoted in the statement, and especially in view of the fact that the court gave at the request of the State, instruction No. 14, also quoted. Instruction No. 14 calls especial attention to the testimony of the accused and his interest in the result of the prosecution as bearing upon his credibility. No other instruction was given to the jury as to the credibility of any of the other witnesses in the case, although it appears that at least one witness, Bonnelli, besides the prosecutor, was interested in the result of the prosecution. We think that, only the State's instruction on this point having been given, the jury was liable to have been misled into the belief that they were to consider the defendant's liability alone, to the exclusion of other interested witnesses.

We are inclined to the opinion that the court did not err

in refusing defendant's 11th instruction, quoted in the statement. Instruction 8, given on his behalf, which is quoted in the statement, as well as other instruction given, instructs the jury as to reasonable doubt quite fully. In Ochs v. People, 124 Ill. 399–429, it was held no error to refuse an instruction "as to reasonable doubt, invoking its application with respect to particular facts in a case, instead of to the question of guilt upon the whole case, or some entire matter of defense or element of the crime." In Weaver v. People, 132 Ill. 536–42, the court say:

" The reasonable doubt the jury is permitted to entertain must be as to the guilt of the accused on the whole of the evidence, and not to any particular fact in the case."

If, however, the instruction is not faulty in this respect, we think it was properly refused because of the use of the word *inconsistent* instead of *irreconcilable*. Although some fact might be shown which is inconsistent with guilt, there may, notwithstanding, be other evidence which may fully establish guilt to the entire satisfaction of the jury.

Complaint is made of a remark of the court in regard to certain proof that would thereafter be made by the prosecution. Inasmuch as error, if any, in this regard may be avoided on another trial, it seems unnecessary to pass upon the question.

For the errors indicated as to the refused instructions, the judgment is reversed and the cause remanded.